384     SUPREME COURT OF IOWA,

The State, ex rel. Littleton, v. Brewer et al.

## THE STATE, EX REL. LITTLETON, v. BREWER ET AL.

1. **Practice on Appeal:** RULINGS NOT EXCEPTED TO. Rulings not excepted to cannot be reviewed on appeal.

2. ———: QUESTIONS NOT CONSIDERED WITHOUT THE EVIDENCE. Where the evidence is not in the abstract this court cannot consider alleged error in refusing to give an instruction, or in rendering judgment against appellant.

3. ———: EXAMINING ORIGINAL EVIDENCE. Orginal evidence not set out in the abstract cannot be examined by this court on appeal.

4. **Assignment of Error:** EXACTNESS. A general assignment that the court erred in overruling appellant's motion for a new trial is not sufficiently specific.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 16.

THIS action was brought to recover upon a bond given, under the statute, to Polk county, by the defendant Joseph Brewer as principal, and the defendants Lysander Harvey and H. E. Teachout, as sureties, conditioned for carrying out the provisions of the law in the sale of intoxicating liquor. The plaintiff averred that a permit was granted to Brewer, but that he had failed to carry out the law, in that he had, in some instances, failed wholly to make report of sales, and and in some instances the reports made by him were insufficient. The defendants filed an answer, taking issue with the plaintiff upon all the allegations of the petition designed to show a breach of the bond. There was a trial to a jury, and a verdict and judgment were rendered for the defendants. The plaintiff appeals.

*W. D. McHenry*, for appellant.

*Phillips & Ham*, for appellees.

ADAMS, CH. J.—The plaintiff filed a petition, which was demurred to. Afterwards the plaintiff filed an amended

The State, ex rel. Littleton, v. Brewer et al.

petition, without confessing the demurrer, however. After-wards the demurrer to the original petition was sustained, but no exception was reserved to the ruling. The plaintiff assigns the ruling as error; but, there being no exception to the ruling, it cannot be reviewed.

II. The plaintiff asked an instruction, which was refused. The plaintiff assigns the refusal as error. But no exception was taken to the ruling, and, besides, no evidence is set out in the abstract; and we have no knowledge as to whether there is anything in the evidence to which the instruction could apply.

III. The plaintiff assigns as error that the court erred in rendering jugdment against the plaintiff. But we cannot review such question in the absence of the evidence. We ought, perhaps, to say that, upon an oral argument of the case, the plaintiff exhibited to us certain papers as the original reports made by the defendant Brewer. But they did not appear to have been made a part of the record by any proper certification and identification; and, besides, if they had been, we cannot, under our rules of practice, consider any evidence not set out in the abstract, though we may sometimes look at the original of what is set out.

IV. The plaintiff assigns as error that the court erred in adjudging costs against the relator. But no exception was taken to the ruling, and, besides, it does not appear that the relator has appealed.

V. The plaintiff assigns as error that the court erred in overruling the motion for a new trial. But it has been fre-quently held that such assignment of error is not sufficiently specific.

The foregoing disposes of all the questions presented in the case.

                                                        AFFIRMED.